Filed 9/22/14  P. v. Yoo CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SEJONG YOO,<br><br>    Defendant and Appellant. | B254008<br><br>(Los Angeles County<br>(Super. Ct. No. KA101945) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Cynthia Ulfig, Judge.  Affirmed as modified.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

From inside his home, Nicanor Valdejueza saw Sejong Yoo enter the backyard and remove a screen from a patio window. Yoo was arrested and charged in an information with first degree burglary with a person present (Pen. Code, §§ 459, 462).[1] Yoo pleaded not guilty.

In the middle of trial, Yoo moved to suppress evidence of clothing seized by sheriff's deputies from the trunk of his car (§ 1538.5). The court denied the motion.

The jury acquitted Yoo of first degree burglary, but convicted him of the lesser included offense of attempted first degree burglary. The court sentenced Yoo to the upper term of three years, suspended execution of sentence and placed him on three years of formal probation. The court awarded Yoo presentence custody credit of 241 days. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)(1) and imposed and stayed a probation revocation fine (§ 1202.44) and a parole revocation fine (§ 1202.45) in the same amount as well as other statutory fines, fees, and assessments.

## DISCUSSION

We appointed counsel to represent Yoo on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On May 15, 2014, we advised Yoo he had 30 days within which to personally submit any contentions or issues he wished us to consider. We have received no response.

We have examined the record and are satisfied Yoo's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.) However, the trial court erred in imposing and staying both a parole revocation and probation revocation fine. (See *People v. Hunt* (2013) 213 Cal.App.4th 13.)

---

[1] Statutory references are to the Penal Code.

## DISPOSITION

The judgment is modified to reverse the order imposing and staying a parole revocation fine.  As modified the judgment is affirmed.


                                        ZELON, J.

We concur:


        WOODS, Acting P. J.


        SEGAL, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.